B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Christopher R. Murray, Chapter 7 Trustee | **DEFENDANTS**<br>ILYM Group, Inc., Josephson Dunlap Law Firm, Bruckner Burch, PLLC, Goodrich & Geist, P.C., et al. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C.<br>Attn: Jarrod B. Martin<br>1200 Smith Street, Suite 1400<br>Houston, Texas 77002<br>713-658-1818 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other — Chapter 7 Trustee, and Plaintiff.<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

In 2018, a suit was filed against Debtors in the Federal District Court for the Western District of Pennsylvania, alleging, inter alia, Fair Labor Standards Act violations. As part of court-approved settlements, Debtors wired: (1) $150,000.00 to settlement administrator ILYM Group, Inc. ("ILYM") for the benefit of an unknown class amount; and (2) $50,781.00 to attorneys who represented the claimants. Within 90 days of wiring these amounts, Debtors filed their chapter 7 bankruptcy petitions. The Trustee seeks recovery of these payments, as they are property of Debtors' estates.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [1] 11-Recovery of money/property - §542 turnover of property
- [2] 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [3] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Q'Max America, Inc., and Anchor Drilling Fluids USA, LLC || BANKRUPTCY CASE NO.<br>20-60030 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of Texas || DIVISION OFFICE<br>Victoria || NAME OF JUDGE<br>Christopher M. Lopez |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF | DEFENDANT ||| ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Jarrod Martin/* |||||
| DATE<br>January 19, 2022 |||PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jarrod B. Martin ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **Q'MAX AMERICA, INC.,** *et al.* | § | **Case No. 20-60030-CML** |
| | § | |
| Debtors. | § | **Jointly Administered** |

| | | |
|---|---|---|
| **CHRISTOPHER R. MURRAY,** | § | |
| **CHAPTER 7 TRUSTEE** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | **Adversary No.** _____ |
| | § | |
| **ILYM GROUP, INC.,** | § | |
| **JOSEPHSON DUNLAP LAW FIRM,** | § | |
| **BRUCKNER BURCH, PLLC,** | § | |
| **GOODRICH & GEIST, P.C.,** *et al.* | § | |
| | § | |
| Defendants | § | |

**COMPLAINT**

Christopher R. Murray in his capacity as the duly appointed Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estates of Q'Max America, Inc. ("**Q'Max**") and Anchor Drilling Fluids USA, LLC ("**Anchor**" and collectively with Q'Max, "**Debtors**") files this complaint ("**Complaint**")[1] against ILYM Group, Inc., Josephson Dunlap Law Firm, Bruckner Burch, PLLC, Goodrich & Geist, P.C., et al. and in support would respectfully show as follows:

---

[1] Citations to the Q'Max America, Inc., *et al.'s* bankruptcy case, Case No. 20-60030 ("**Bankruptcy Case**"), shall take the form "**Bankr. ECF No. ——.**"

## INTRODUCTION

1.  In 2018, a suit was filed against Debtors in the Federal District Court for the Western District of Pennsylvania, alleging, inter alia, Fair Labor Standards Act violations. As part of court-approved settlements, Debtors wired: (1) $150,000.00 to settlement administrator ILYM Group, Inc. ("**ILYM**") for the benefit of an unknown class amount; and (2) $50,781.00 to attorneys who represented the claimants. Within 90 days of wiring these amounts, Debtors filed their chapter 7 bankruptcy petitions. The Trustee seeks recovery of these payments, as they are property of Debtors' estates. To that end, the Trustee seeks: (1) a declaratory judgment that the pre-petition settlement agreements were executory contracts rejected by operation of law; (2) a declaratory judgment that the payments are property of the estates; (3) turnover of such payments or, in the alternative, (4) the Trustee seeks avoidance and recovery of such payments as preferential transfers.

## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F), and the general "catch-all" language of 28 U.S.C. § 157(b)(2).

3.  The statutory basis for the relief requested herein are §§ 365, 541, 542, 547, and 550 of the Bankruptcy Code,[2] Rules 7001(1) and (9) of the Federal Rules of Bankruptcy Procedure,[3] and Rules 7008-1 and 9013-1(i) of the Bankruptcy Local Rules for the Southern District of Texas ("**BLR**").

---

[2] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.
[3] Any reference to "**Rule**" or "**Bankruptcy Rule**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Court has constitutional authority to enter a final order on the Complaint. The Complaint concerns essential bankruptcy matters which have no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[4] In the alternative, all the matters addressed in the Complaint are essential bankruptcy matters which trigger the public rights exception.[5]

6. Pursuant to BLR 7008-1, the Trustee consents to the entry of a final order or judgment by the Court if it is determined that absent consent of the parties, the Court cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

7. Plaintiff Christopher R. Murray is the duly appointed Chapter 7 Trustee of the bankruptcy estates of Debtors. The Plaintiff may be served in this Complaint through the undersigned counsel.

8. Defendant ILYM Group, Inc. is a corporation organized and existing under the laws of the State of California and may be served with this Complaint through its registered agent Lisa Mullins, 11751 Highview Drive, Santa Ana, CA 92780.

9. Defendant Josephson Dunlap LLP ("**Dunlap**") is a Texas limited liability partnership with no registered agent of record. This Complaint may be served at Dunlap's registered address of 11 Greenway Plaza, Suite 3050, Houston, TX 77046.

10. Defendant Bruckner Burch, PLLC ("**Bruckner**") is a Texas professional limited liability company and may be served with this complaint through its registered agent Richard Burch, 8 Greenway Plaza, Suite 1500, Houston, TX 77046.

---

[4] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).
[5] *See id.*

11. Defendant Goodrich & Geist, P.C. ("**Goodrich**") is Pennsylvania professional corporation and may be served with this complaint at 3634 California Avenue, Pittsburgh, PA 15212.

12. In the interest of judicial economy and efficiency, the remaining defendants (collectively with ILYM, Dunlap, Bruckner, and Goodrich, "**Defendants**") are listed on **Exhibit A**, and may be served with this Complaint through their counsel of record, Michael A. Josephson, Josephson Dunlap LLP, 11 Greenway Plaza, Suite 3050, Houston, Texas 77046.

## GENERAL ALLEGATIONS

13. On July 27, 2018, Chad Kapolka and Brett Turrentine, along with an unknown number of claimants ("**Underlying Plaintiffs**") filed suit against Debtors ("**Underlying Proceeding**").[6]

14. Between July 8 and 9, 2019, a confidential settlement agreement was reached between the Underlying Plaintiffs and Debtors, and was later amended on September 13, 2019 to remove the confidentiality provision ("**Settlement**").[7]

15. Under the Settlement, "Class Counsel" for the Underlying Plaintiffs was defined as Dunlap, Bruckner, and Goodrich.[8]

16. The Settlement provided that "[Debtors] shall wire "Class Counsel" attorneys' fees . . . no later than the latter of thirty (30) days of the Effective Date or March 31, 2020."[9]

17. The Settlement also provided that "[i]n the event: (a) the Court does not approve the [Settlement] as provided herein; or (b) the [Settlement] does not become final for any other reason; this [Settlement] shall be null and void, and the Parties shall be returned to their respective

---

[6] *See* **Exhibit B**, attached hereto and incorporated by reference herein.
[7] *See* **Exhibit C**, attached hereto and incorporated by reference herein.
[8] *See id.* at 3, ¶ 9(c).
[9] *See id.* at 9, ¶ 16(c)(i).

statuses as of the date immediately prior to the execution of this [Settlement]" ("**Nullification**").[10]

      18.      On October 22, 2019, the court approved the Settlement.[11]

      19.      On March 30, 2020, $50,781.00 was wired to Dunlap's IOLTA account.[12]

      20.      On April 7, 2020, the Settlement was amended ("**Amended Settlement**"), and approved by the court one day later.[13] The Amended Settlement did not void the Settlement's Nullification provision.[14]

      21.      The Amended Settlement contemplated that Debtors would: (1) wire $150,000.00 to the settlement administrator ILYM on or before April 15, 2020; (2) wire $125,000.00 to Dunlap's IOLTA account on or before May 15, 2020; and (3) beginning June 15, 2020, and ending December 1, 2020, wire specific amounts every month to ILYM and Dunlap.[15] In exchange for the settlement payments, the Underlying Plaintiffs would release Debtors from claims filed against them.[16]

      22.      On April 15, 2020, $150,000.00 was wired to ILYM in accordance with the Amended Settlement.[17] Upon information and belief, the $150,000.00 remains in ILYM's account and has not been distributed to the Underlying Plaintiffs.

      23.      On May 24, 2020, Anchor and Q'Max both filed petitions for Chapter 7 bankruptcy relief in the Southern District of Texas.

**CLAIM FOR RELIEF I – DECLARATORY JUDGMENT AGAINST DEFENDANTS THAT THE AMENDED SETTLEMENT WAS AN EXECUTORY CONTRACT REJECTED BY OPERATION OF LAW**

      24.      The allegations in paragraphs 10–23 are realleged and incorporated herein by this

---

[10] *See id.* at 12, ¶ 25.
[11] *See* **Exhibit D**, attached hereto and incorporated by reference herein.
[12] *See* **Exhibit E**, attached hereto and incorporated by reference herein.
[13] *See* **Exhibit F** and **Exhibit G**, attached hereto and incorporated by reference herein.
[14] *Compare* Ex. C, ¶ 25, *with* Exs. F and G.
[15] *Id.*
[16] *Id.*
[17] *See* **Exhibit H**, attached hereto and incorporated by reference herein.

reference.

25. The Trustee seeks a declaratory judgment against Defendants that the Amended Settlement was an executory contract that the Trustee rejected by operation of law under § 365(d)(1).

26. 11 U.S.C. § 365(d)(1) states in part that "if the trustee does not assume or reject an executory contract . . . of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period fixes, then such contract . . . is deemed rejected."

27. Section 365 does not define the term "executory contract." The legislative history refers with approval to the so-called "Countryman" definition, observing that the term executory contract "generally includes contracts on which performance remains due to some extent on both sides."[18]

28. The Fifth Circuit has adopted the "Countryman definition" to determine whether a contract is executory.[19] "[A]n agreement is executory if at the time of the bankruptcy filing, the failure of either party to complete performance would constitute a material breach of the contract, thereby excusing performance of the other party."[20] Thus, the determination turns to whether material obligations remained owing between Anchor and Q'Max on the one hand, and those plaintiffs who were parties to the Second Amended Settlement Agreement on the other.

29. Here, not only does performance remain due to some extent on both sides, but Debtors' failure to pay the rest of the settlement payments, and the Underlying Plaintiffs' failure to release their claims against Debtors would both constitute material breaches of the Amended

---

[18] COLLIER ON BANKRUPTCY ¶ 365.02, n.10 (Richard Levin & Henry J. Sommer eds., 16th ed.).
[19] *See Matter of Murexco Petroleum, Inc.*, 15 F.3d 60, 62–63, n.8 (5th Cir. 1994).
[20] *Id.* at 62–63.

Settlement, and would excuse performance of the other party. Thus, the Amended Settlement is executory in nature, and the Trustee has the ability to assume or reject the Amended Settlement under § 365(d)(1).

30. The Amended Settlement was rejected by operation of law after the Trustee elected not to seek extension of the deadline to assume or reject the Amended Settlement.[21]

31. The Trustee seeks a declaratory judgment against the Defendants that the Amended Settlement was rejected as an executory contract by operation of law.

### CLAIM FOR RELIEF II – DECLARATORY JUDGMENT AGAINST DEFENDANTS THAT THE SETTLEMENT PAYMENTS ARE PROPERTY OF THE ESTATES

32. The allegations in paragraphs 10–31 are realleged and incorporated herein by this reference.

33. The Trustee seeks a declaratory judgment against Defendants that the settlement amounts of $150,000.00 wired to ILYM, and $50,781.00 wired to Dunlap's IOLTA account are property of the estates under § 541.

34. 11 U.S.C. § 541 states in part that property of the estate includes all legal or equitable interests of the debtor as of the commencement of the case, and any interest in property that the estate acquires after the commencement of the case.[22]

35. The Nullification Provision states that the Settlement/Amended Settlement is to be null and void, and the parties are to return to their respective statuses as of the date immediately prior to the execution of the Settlement/Amended Settlement if it "does not become final for any other reason."[23] Because the Amended Settlement was rejected by operation of law under § 365(d)(1), it did not become "final for any other reason," and thus the settlement payments to

---

[21] *See* Bankr. ECF Nos. 214, 372, 471.
[22] 11 U.S.C. § 541(a)(1), (7).
[23] *See* Ex. C at ¶ 25.

Dunlap, Bruckner, Goodrich, and ILYM were nullified.

36. The Trustee has an interest in the settlement payments as of the commencement of the case.

37. In the alternative, pursuant to the Trustee's post-petition rejection of the Amended Settlement, the Trustee has an interest in the settlement payments after the commencement of the case.

38. The Trustee seeks a declaratory judgment against the Defendants that the settlement payments made in accordance with the Amended Settlement are property of the estates under § 541.

### CLAIM FOR RELIEF III - TURNOVER OF PROPERTY TO THE TRUSTEE

39. The allegations in paragraphs 10–38 are realleged and incorporated herein by this reference.

40. The Trustee seeks turnover of the settlement payments to ILYM, Dunlap, Bruckner, and Goodrich.

41. Under 11 U.S.C. § 542, an entity must deliver to the trustee, and account for, such property of the estate.

42. Because the settlement payments are property of the estates under § 541, the Trustee seeks turnover of same.

### CLAIM FOR RELIEF IV – PREFERENTIAL TRANSFERS UNDER § 547 AND RECOVERY UNDER § 550 AGAINST DEFENDANTS

43. The allegations in paragraphs 10–23 are realleged and incorporated herein by this reference.

44. In the alternative to the above-mentioned claims for relief, the Trustee seeks to avoid and recover the settlement payments made to Defendants as preferential transfers pursuant

to §§ 547 and 550.

45. As part of the Settlement and Amended Settlement, Debtors made a transfer of $50,781.00 for the benefit of Dunlap, Bruckner, and Goodrich, and $150,000.00 to ILYM for the benefit of the Underlying Plaintiffs.

46. Such transfers were made for or on account of an antecedent debt owed by Debtors to Dunlap, Bruckner, Goodrich, ILYM, and the Underlying Plaintiffs.

47. At the time of the transfers, Debtors were insolvent.

48. The transfers were made within 90 days before Debtors' petition date.

49. The transfers would have enabled Dunlap, Bruckner, Goodrich, ILYM, and the claimants to receive more than they would have received if the cases were proceeding under Chapter 7, the transfers had not been made, and Dunlap, Bruckner, Goodrich, ILYM, and the Underlying Plaintiffs received payment of such debts to the extent provided by the provisions of title 11.

50. Based on the Trustee's reasonable due diligence, and after taking into account Defendants' known or reasonably knowable affirmative defenses, the settlement payments should be avoided and recovered pursuant to 11 U.S.C. §§ 547 and 550.

## RESERVATION OF RIGHTS

51. The Trustee reserves the right to bring additional claims that the Trustee discerns from its ongoing investigation.

## PRAYER FOR RELIEF

**WHEREFORE**, by reason of the foregoing, the Trustee requests that the Court grant the following relief:

i. On Count I: entering a declaratory judgment against Defendants that the Amended Settlement was an executory contract that was rejected by operation of law;

ii. On Count II: entering a declaratory judgment against Defendants that the settlement payments are property of the estates;

iii. On Count III: seeking turnover of property of the estates;

iv. On Count IV: avoiding and recovering the settlement payments against Defendants pursuant to 11 U.S.C. §§ 547 and 550; and

v. For such other and further relief as the Court deems appropriate, including the attorneys' fees and costs of this proceeding.

Dated: January 19, 2022

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
Tyler W. Greenwood
Texas Bar No. 24123219
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com
   tyler.greenwood@chamberlainlaw.com

*Counsel for Christopher R. Murray,*
*Chapter 7 Trustee*